PER CURIAM.
The Marshall County Board of Education, and the superintendent and members of the Board of Education of Marshall County, plaintiffs below, appeal from the final judgment in favor of all named defendants. The trial court’s document styled “Findings of Fact and Conclusions of Law, and Final Order” reads as follows:
“FINDINGS OF FACT AND CONCLUSIONS OF LAW AND FINAL ORDER
“This case was initiated on February 26, 1985, by the Marshall County Board of Education, its Superintendent and Board members seeking declaratory and injunctive relief to prevent the establishment by the City of Albertville, its May- or, Council and appointed city school board members from forming and implementing a city school system. Plaintiffs seek a declaratory judgment declaring the actions of the defendants illegal, unconstitutional and in violation of an agreement with the Marshall County Board of Education. Plaintiffs also seek an injunction preventing the defendants from establishing and maintaining an independent city school system.
“On March 11, 1985, defendants filed an answer admitting that prior to April, 1945, the City of Albertville had a Board of Education. Defendants further admitted that in 1945 the Albertville City Board of Education and the Marshall County Board of Education consolidated the administration of their school systems. Defendants further admitted that in 1985 the City of Albertville established a Board of Education and appointed its members. Defendants assert that they were authorized to take this action by Code of Alabama, § 16-11-2.
“The plaintiffs filed a Motion for Summary Judgment. The defendants filed a Motion for Judgment on the Pleadings and a Motion for Summary Judgment. The parties, in support of their motions, submitted two affidavits of Dr. B.D. Whetstone, two affidavits of Dr. Kenneth Wilson, the deposition of Dr. Kenneth Wilson and the deposition of Mr. Randall Brothers. The court held a hearing on the motions on May 27, 1985. At the hearing attorneys for both parties informed the court that neither had any further evidence to present or cross-examination to conduct. Both submitted their cases on the evidence before the court at that time. Therefore, this order does not address Summary Judgment or *1129 Judgment on the Pleadings. Instead, it is a final order taking into account all of the evidence before the court.
“FINDINGS OF FACT AND CONCLUSIONS OF LAW
“1. Code of Alabama, § 16-11-1 (1975), is a successor statute to Code of Alabama, Title 52 § 148 (1940). The only significant difference between the two statutes is that, under § 148, to constitute a city for purposes of having a city board of education, a municipality was required to have 2,500 residents, whereas under § 16-11-1 5,000 residents are required.
“2. Code of Alabama, § 16-11-2 (1975), is the successor statute to Title 52, § 151 (1940). This section authorizes cities to form and maintain a separate school system. The only limitation on that authority is that the city must have the population as set forth in § 16-11-1 (now 5,000).
“3. Prior to 1945, the City of Albert-ville had a separate school system. However, in 1945, pursuant to Code of Alabama, Title 52, § 82 (now § 16-8-17), the Albertville City Board of Education and the Marshall County Board of Education consolidated under the administration of the Marshall County Board of Education.
“4. The Albertville City Schools remained under the supervision of the Mar-shall County Board of Education until January 26, 1985. On that date the Al-bertville City Council and its Mayor established a school system for the City of Albertville. On February 19, 1985, the City Council appointed five persons to serve as school board members.
“5. The City of Albertville used the proper means under § 16-11-2 to form a city school system. The court also finds that the City of Albertville has more than 5,000 inhabitants and is qualified under § 16-11-1 to have its own school system. Its action in forming a school system is in compliance with § 16-11-2.
“6. Since 1948, at least 22 other municipalities have used this same statute or its predecessor to break away from county school systems and establish separate city systems. At least to that extent, the facts of this case are not unique.
“7. School boards are, of course, creatures of statute. They may not be created or dissolved absent statutory authority. The plaintiffs contend that, because the Albertville City Board of Education consolidated with the Marshall County system in 1945, there is no statutory authority for the creation of a separate school system. Sections 16-11-1 and 16-11-2, however, contain only one limitation. The city must have 5,000 or more inhabitants. Albertville does. The statute contains no limitation or exception regarding previous consolidations. Therefore, the previous consolidation is irrelevant to the issue before the court. It is significant that the only change made in the statute in recent years was to increase the minimum population from 2,500 to 5,000. If the legislature had intended other limitations upon the power of cities to form and operate their school systems, they could have been placed in the statute at the time of the change in minimum population.
“8. The plaintiffs have argued that the defendants are estopped to form a separate school system because of the agreement to consolidate in 1945. The court, however, has concluded that defendants had a statutory right to form a separate system. Plaintiffs’ arguments regarding agreement and estoppel are unpersuasive.
“9. The court, by this opinion and order, does not decide whether the creation of a school system in Albertville is a good idea or a bad idea. That decision is appropriately left to public officials elected to make such decisions. It may very well be true, as plaintiffs argue, that two school systems may create a duplication of services causing both systems to suffer an economic hardship for a while. The statute, however, is clear. Regard *1130 less of the wisdom of the action, Albert-ville officials have acted within their statutory authority. Thus, injunctive relief is not appropriate.
“10. This case is only before the court on plaintiffs’ motion for declaratory relief and an injunction. Defendants have not at this point sought relief by petition for a writ of mandamus. The city, however, has a clear legal right to take the actions it has taken.
“Accordingly, it is ORDERED, ADJUDGED and DECREED that all relief requested by plaintiffs be and the same is hereby denied. The plaintiffs’ Complaint is dismissed. Costs are taxed to the plaintiffs.
“This the 4th day of June, 1985.
“/s/ William W. Cardwell, Jr. Circuit Judge”
We adopt the foregoing as the opinion of this Court.
AFFIRMED.
TORBERT, C.J., and FAULKNER, JONES, SHORES and EMBRY, JJ., concur.
MADDOX, ALMON, BEATTY and ADAMS, JJ., dissent.